# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1682** (McDowell County 11-F-7)

**Denfert Blankenship,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Michael P. Cooke, arises from the Circuit Court of McDowell County, wherein the circuit court sentenced him to terms of incarceration of one to ten years for felony insurance fraud and one year for destruction of property, said sentences to run consecutively. This order was entered on December 2, 2011. The State, by counsel Laura Young, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, petitioner was convicted, by a jury, of felony insurance fraud, destruction of property, and fraudulent schemes. These convictions stemmed from an incident in which petitioner threw himself into a moving vehicle in a grocery store parking lot. Petitioner then filed various post-trial motions, including a motion for judgment of acquittal. The circuit court granted this motion, in part, and reversed petitioner's conviction for fraudulent schemes. On November 30, 2011, petitioner was sentenced to a term of incarceration of one to ten years for felony insurance fraud and one year for destruction of property, said sentences to run consecutively.

On appeal, petitioner alleges that the circuit court erred in allowing testimony that fraudulent insurance claims result in higher insurance rates because such evidence is barred by Rule 409 of the West Virginia Rules of Evidence. Petitioner also asserts that the circuit court erred in denying his motion to set aside his conviction for felony insurance fraud because there was no evidence presented that he actually filed a claim with the victim's insurance company. In response, the State argues that the circuit court did not commit error. Specifically, the State argues that Rule 409 is inapplicable because the evidence in question is not encompassed by that rule. Further, the State argues that the jury was presented with evidence that petitioner filed a claim

with the victim's insurance provider, Farmers Insurance, and that the claim was investigated by the company's internal fraud unit.

We have previously held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010). In regard to petitioner's first assignment of error, the Court finds no merit to the argument. Petitioner alleges that the testimony in question should have been excluded pursuant to Rule 409 of the West Virginia Rules of Evidence which limits the introduction of evidence of expenses occasioned by an injury to prove liability for the injury. This rule is wholly inapplicable to the testimony of which petitioner complains. Upon our review, the Court finds no error in the circuit court admitting the evidence in question.

In regard to petitioner's second assignment of error, we have previously held that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). As such, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal in regard to his conviction for felony insurance fraud. The record clearly shows that a representative of Farmers Insurance testified that petitioner filed a claim with his company.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II